UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO VELASQUEZ,

                Plaintiff,

-v-

CHOCOLATE DIP, *et al.*,

                Defendants.

25-CV-393 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Ricardo Velasquez moves for reconsideration of this Court's order dismissing the above-captioned case without prejudice. (ECF No. 15.) On May 6, 2025, the Court denied Velasquez's motion for leave to amend and dismissed the case because Velasquez had misnamed the landlord Defendant and failed to properly serve both Defendants within 90 days of filing his original complaint. (ECF No. 14.)

    "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotations omitted). To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice. *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580–81 (S.D.N.Y. 2013) (citation omitted); *see also Cioce v. County of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005) ("Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Having reviewed Velasquez's letter motion for reconsideration, the Court concludes that it overlooked neither a controlling issue of law nor a crucial fact in the record. And though Velasquez urges the Court to determine that he had good cause for the delay in service due to the Secretary of State's possibly erroneous address information, Velasquez also admits that his own error in failing to properly research the name of the current landlord Defendant was also a factor in his failure to serve in a timely manner. (*See* ECF No. 15 at 2.) The Court thus identifies no clear error or manifest injustice that would necessitate granting Velasquez's motion.

Velasquez's motion to reconsider is therefore DENIED.

The Clerk of the Court is directed to close the motion at docket number 15.

SO ORDERED.

Dated: May 15, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge

2